IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robby Lee McFalls, #204293, | ) | C/A No. 7:14-3512-MGL-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Rita Allison, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Robby Lee McFalls ("Plaintiff"), proceeding pro se, brings this civil action seeking injunctive relief. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Perry Correctional Institution in Pelzer, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

### Background

Plaintiff alleges that Rita Allison ("Defendant") is the mother of Katina Allison and that he is the father of Katina Allison's child. [Doc. 1 at 3.] He further contends that "Rita Allison and her attorneys" used fraud, coercion, and forged paperwork to obtain his signature relinquishing his parental rights regarding the child. [*Id*. at 3, 5.] For his relief, Plaintiff seeks full restoration of his parental rights. [*Id*. at 5.]

### Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the

district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

Liberally construed, the Complaint may be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a

private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint should be dismissed because Plaintiff does not state facts sufficient to establish the second element that Defendant acted under the color of state law.[1] Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). Plaintiff alleges that Defendant is the mother of Katina Allison, the child's mother, and Defendant utilized attorneys to create paperwork for Plaintiff's signature to relinquish his parental rights and then coerced him to sign. There are no allegations that she was anything other than a private actor or that the government participated in her activities.

---

[1] Although Plaintiff does not allege specifically the first element that Defendant violated a federal law or his constitutional rights, this Court will liberally construe that Plaintiff alleges that his due process rights were violated when his parental rights were terminated through fraud.

*See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341-43 (4th Cir.2000) ("At bottom, the state action determination requires an examination of all the relevant circumstances, in an attempt to evaluate 'the degree of the Government's participation in the private party's activities.'") (citation omitted). With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Accordingly, Plaintiff fails to state a cognizable § 1983 claim for violation of his constitutional rights.

To the extent Plaintiff may bring this action raising only a state law claim based on fraud, this Court could have subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Plaintiff does not allege where he lived prior to his incarceration. *See Smith v. Bridgestone Firestone Tire Co.*, C/A No. 1:08-3049-MBS-JRM, 2009 WL 425936, at *2 (D.S.C. Feb. 18, 2009) (when one of the parties is incarcerated, the presumption is that the prisoner's domicile is the location where he was domiciled prior to incarceration), *aff'd*, 328 F. A'ppx 874 (4th Cir. 2009). In the Complaint, Plaintiff alleges no address for Defendant, but his proposed service documents for Defendant reveal that

she resides in Lyman, South Carolina. The only reasonable assumption from the alleged facts is that both Plaintiff and Defendant are domiciled in South Carolina; thus, complete diversity is lacking. Accordingly, this Court has no diversity jurisdiction over this action.[2]

### Recommendation

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin<br/>United States Magistrate Judge

September 4, 2014
Greenville, South Carolina

---

[2] Moreover, if the diversity statute is satisfied and there is no federal question claim, the domestic relations exception to diversity limits this Court's jurisdiction related to child custody. *See Reale v. Wake Cnty. Human Servs.*, 480 F. App'x 195, 197 (4th Cir. 2012).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).