

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| ROBBIE LEE MCFALLS,<br>　　　　Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 7:14-3512-MGL-JDA<br>§ |
| RITA ALLISON,<br>　　　　Defendants. | §<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed as a 42 U.S.C. § 1983 action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's action be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 4, 2014, but Plaintiff failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

In his Complaint, Plaintiff alleges that Defendant "Rita Allison by fraud and coer[c]ion had me sign away my parental rights. [Defendant] is the Mother of Katina Allison. I am the Father of Katina Allison[']s child. I was manipulated by [Defendant] and her attorneys." Complaint 3. Plaintiff seeks relief in the form of injunctive relief: "Restore full parental rights." *Id*. 5. He also asks that the Court "determine origi[]nal cause of false/forged paperwork which resulted in [Plaintiff's] loss of parental rights." *Id*.

The Magistrate Judge recommends dismissal of the action on the ground that "Plaintiff fails to state a cognizable § 1983 claim for violation of his constitutional rights." Report 4. The Court agrees. Plaintiff alleges nothing more than private conduct. But, "[l]ike the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Therefore, dismissal of Plaintiff's § 1983 complaint is proper.

To the extent that Plaintiff meant to bring a diversity action against Defendant based on a state law claim of fraud, dismissal of the complaint is still appropriate. In suggesting dismissal, the Magistrate Judge states that, "[w]ith the exception of certain class actions, the diversity statute

2

requires complete diversity of parties." Report 4. She is correct. As the Fourth Circuit observed, "Section 1332 [the diversity statute] requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." C*ent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). In this action, however, it appears that both Plaintiff and Defendant are citizens of South Carolina. As such, assuming that Plaintiff meant to bring a diversity action, the case should be dismissed on the basis that there is not complete diversity between the parties.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court Plaintiff's action is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 25th day of September, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis<br>
MARY G. LEWIS<br>
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.